# EXHIBIT 2

Case 1:07-cv-03634-LMM   Document 9-3   Filed 08/22/2007   Page 1 of 6



  Tropicana  

700 Anderson Hill Road   Purchase, New York 10577   www.pepsico.com

February 14, 2007

Tracy Wei
Maxway International Co., Inc.
Unit 7 8/Fl, Max Trade Centre
23, Luk-Hop Street
San Po Kong
Kowloon, Hong Kong

<u>BY E-MAIL, FAX AND CERTIFIED MAIL</u>

Re.:   Maxway License Agreement

Dear Tracy:

We have now had an opportunity to review a television commercial that Maxway appears to be running in order to aggressively seek franchisees for Pepsi Stores in China as well as photographs of various stores that Maxway and its distributor, Besco, appear to be operating to sell PEPSI branded products. The commercial ends with the PEPSI globe logo adjacent the tag line DARE TO SHOW, a transparent imitation or misuse of PepsiCo's marketing slogan DARE FOR MORE.

We have also seen the Besco webpage at www.besco.com.cn in which Besco identifies itself as "Maxway's China Partner" which includes multiple unauthorized uses of the PEPSI mark as well as depictions of certain celebrities under contract with PepsiCo, such as Jolin Tsai and David Beckham. See the following, which also includes the PEPSI mark as well as photographs of PEPSI products:



In other pages, the PEPSI mark is altered and/or combined with other references. See, for example:



Received Time Jun. 14. 2007 11:23AM No. 8393

06-14-07   11:44   From-Pepsico Law Purchase                914 253 2717            T-226   P.068/088   F-412

Tracy Wei                           Page Two                                February 14, 2007

Copies of these references, including the television commercial, website, and various photographs of Pepsi Sports stores have been provided to your counsel, Adam Cohen.

The License Agreement between PepsiCo, Inc. and Maxway dated January 1, 2001, as amended, (the "License Agreement") grants Maxway rights with respect to certain products, but it does not convey any rights to Maxway to use the likenesses or images of celebrities under contract with PepsiCo for a number of reasons, most notably because our agreements with such celebrities are strictly limited in scope and manner of use.

Moreover, you are reminded that our License Agreement specifically provides that Maxway may not alter or misuse our trademarks or use any other trademarks or other property similar to the Property, or use the Property in combination with Maxway's name or as the name of any entity directly or indirectly associated with Maxway's activities. See paragraph 8.6.

The License Agreement also does not grant Maxway the right to operate retail stores in the Territory using the Property for the sale of any products, even PEPSI branded products, or to permit others to operate such stores or, worse yet, to solicit and grant franchises to operate such stores.

Clearly, Maxway's activities go far beyond the scope of the license grant and, as such, constitute a breach of the terms of the License Agreement. What compounds the problem is the fact that virtually all of these uses were done without PepsiCo's approval. We have never received samples for approval of any such commercials, store signage, advertising or promotional uses of our marks nor has our licensing agent, Bradford Licensing. You should be aware that if any of these proposed uses had been submitted to us for approval, they would have been specifically disapproved at least for the reasons noted above.

I would draw your attention to paragraph 8.2 of the License Agreement, which states:

> 8.2   Approval. LICENSEE shall use the Property only in such form and manner as is specifically approved in writing by LICENSOR and, upon request by LICENSOR, affix thereto any legends, markings and notices of trademark registration or LICENSOR-LICENSEE relationship specified by LICENSOR or any other notice of LICENSOR's ownership, including copyright. LICENSOR shall have the right to approve all advertising, displays and other materials using the Property prepared by LICENSEE. LICENSEE agrees to follow LICENSOR'S instructions and guidelines regarding property usage of the Property in all respects.

See also the requirements of paragraph 7.1.

Maxway's use of the Property not only goes far beyond the rights it was granted, but Maxway has repeatedly failed to comply with the approval requirements of paragraphs 7 and 8.

Received Time Jun. 14. 2007 11:23AM No. 6393

Tracy Wei                              Page Three                         February 14, 2007

Thus, we have concluded that Maxway has breached the terms of the subject License Agreement for at least the following reasons:

1. Maxway and its distributor, Besco, are using the names and/or likenesses of certain celebrities under contract with PepsiCo without approval.
2. Maxway's use of the Property in connection with the solicitation of franchisees to operate the Pepsi Stores is beyond the rights conveyed to Maxway in the License Agreement and, moreover, Maxway has failed to obtain the necessary approvals from PepsiCo to use the Property in connection with such solicitation.
3. Maxway's use of the Property in connection with the operation of the Pepsi Stores (either directly or through Besco) is beyond the rights conveyed to Maxway in the License Agreement and, moreover, Maxway has failed to obtain the necessary approvals from PepsiCo to use the Property in connection with such operation.
4. Maxway has failed to obtain the necessary approvals from PepsiCo to use the Property in its advertising and promotional materials in connection with such Pepsi Stores.
5. Maxway and its distributor, Besco, have misused the Property and PepsiCo marks.

These actions, whether by Maxway or its distributor, Besco, are in violation of material provisions of the License Agreement and have damaged and will continue to damage PepsiCo unless immediately remedied.

We recognize that some of these actions were performed by your distributor, Besco, with whom PepsiCo has no direct relationship. Under paragraph 10.1(d) of our License Agreement, however, we still have the right to terminate your License Agreement as a result of their conduct.

You should also be aware that many of these actions are beyond the scope of your license grant and, as such, constitute infringement of PepsiCo's intellectual property rights, if not trademark counterfeiting. Such actions expose you and/or your distributor to damages mandated for such violations.

Accordingly, you are hereby advised that it is PepsiCo's intention to terminate your License Agreement pursuant to paragraph 10.1(a) thereof. As provided for in paragraph 10.2, Maxway has twenty (20) days after receipt of this notice in which to correct the situation that gave rise to this notice or assure us that appropriate corrective measures are being taken. Should Maxway fail to do so, this Agreement shall thereupon terminate.

It should be appreciated that certain of your actions are causing PepsiCo particular harm and must be stopped immediately. We, therefore, demand that Maxway and/or Besco, immediately cease and desist from:

Tracy Wei                          Page Four                        February 14, 2007

1. the use of all names and likenesses of celebrities under contract with PepsiCo; and
2. all unauthorized uses of the Property, e.g., "DARE TO SHOW," modified PEPSI Globe Design, etc.

We must receive your immediate written assurance that you will immediately cease such use, as well as appropriate confirmation that all such use has been permanently discontinued.

Finally, Maxway's period to cure the breach identified in our first Notice of Termination, i.e., Maxway's failure to comply with PepsiCo's demand for payment as a result of the audit, was to expire today. In view of this second Notice of Termination, except as indicated above, we are hereby extending the cure period for the First Notice of Termination for an additional twenty (20) days to be coextensive with the cure period for this Notice of Termination. All breaches must therefore be cured by March 6, 2007.

Very truly yours,

Elizabeth Bilus



06-14-07    11:45    From-Pepsico Law Purchase    914 253 2717    T-226    P.071/088    F-412

Received Time Jun. 14. 2007 11:23AM No. 8393

Exhibit F