Dana M. Susman (DS-5436)
Jeffrey H. Daichman (JD-8802)
KANE KESSLER, P.C.
1350 Avenue of the Americas
New York, New York 10019
(212) 541-6222

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
                                                           :
MAXWAY INTERNATIONAL, CO., INC.,                           :
                                                           :   07-CV-3634(LMM)
        Plaintiff,                                 :   **SCHEDULING ORDER**
                                                           :
    -against-                                             :
                                                           :
PEPSICO, INC.,                                             :
                                                           :
        Defendant.                                 :
                                                           :
-----------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/11/07

        Pursuant to Federal Rules of Civil Procedure 26, the parties jointly submit the following proposed Scheduling Order in the above-captioned matter.

    1.    **Meet and Confer.** Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on September 7, 2007 between counsel for both parties, by telephone, and was attended by:

        Dana M. Susman, Esq. – for Plaintiff

        Margaret A. Dale, Esq. – for Defendant

    2.    **Pre-discovery Disclosures.** The parties will exchange by October 26, 2007, the information required by Federal Rules of Civil Procedure 26(a)(1).

    3.    **Discovery Plan.** The parties jointly propose to the Court the following discovery plan:

#274831.1



A.  Discovery will be needed on the following subjects:

   i.   Negotiations between the parties concerning a proposed business relationship.

   ii.  Negotiations between Plaintiff and non-party Besco, Inc. concerning a proposed business relationship relating to any products bearing defendant's trademarks.

   iii. Negotiations between Defendant and Bradford Licensing concerning Plaintiff and/or Plaintiff's use of any of Defendant's trademarks.

   iv.  The financial books and records of Plaintiff and non-party Besco, Inc. as they relate to the sale of any products bearing Defendant's trademarks.

   v.   The nature of the parties' business relationship, the business relationship between Plaintiff and Besco, Inc., the business relationship between Bradford Licensing and Plaintiff, the business relationship between Defendant and Bradford Licensing, the business relationship between Defendant and PepsiCo China.

   vi.  Sales by Plaintiff of any products bearing Defendant's trademarks.

   vii. Any approvals or authorizations sought by Plaintiff and/or received by Plaintiff from Defendant, Bradford Licensing and/or PepsiCo China concerning any products bearing Defendant's trademarks.

   viii. The pepsi stores operated by non-party Besco, Inc. in China which offer for sale any products bearing Defendant's trademarks.

   ix.  Any audit(s) conducted or commissioned by Defendant of Plaintiff and/or Besco.

   x.   Damages sustained by any party.

   xi.  Correspondence and other communications between and among Plaintiff, Defendant, Besco, Inc., Bradford Licensing and PepsiCo China concerning the business relationship between Plaintiff and Defendant.

   xii. The allegations contained in the Complaint and Counterclaims.

B.  Disclosure of electronically stored information shall be handled as follows: the parties will produce all available electronically stored information, in native format if reasonably

#274831.1                           2



feasible, in response to a demand pursuant to Fed.R.Civ.P. 34, subject to all appropriate objections.

C. The parties intend to execute an appropriate agreement concerning confidentiality of discovery materials produced during the course of this action.

D. The parties do not request any changes in the disclosure requirements of Rule 26(a), except that they are unable at this time to furnish a computation of damages claimed pursuant to Rule 26(a)(1)(c), since such computation will be based upon discovery produced during the course of this litigation and expert testimony.

E. The parties do not request any changes in the limitations on discovery set forth in the Federal Rules of Civil Procedure, as amended, and the local rules for the Southern District of New York.

F. Fact Discovery.

   i. The parties shall serve initial document requests by October 19, 2007.

   ii. The parties shall complete all fact witness depositions by June 2, 2008.

   iii. All fact discovery shall be commenced in time to be completed by June 30, 2008.

G. Expert Discovery. With regard to experts who are retained or specifically employed to provide expert testimony or whose duties as an employee of any party regularly involve providing expert testimony:

   i. By August 30, 2008, Plaintiff and Defendant shall identify such experts relating to all issues on which they have the burden of proof and shall serve on the other party the expert's written report and expert disclosure pursuant to the Federal Rules of Civil Procedure.

   ii. By October 15, 2008, Plaintiff and Defendant shall provide expert reports and expert disclosures responding to the reports of the other party pursuant to the Federal Rules of Civil Procedure;

#274831.1                        3

        iii.    By October 31, 2008, Plaintiff and Defendant shall provide expert reports and expert disclosures responding the expert reports and disclosures served pursuant item G(ii) above.

        iv.    Depositions of experts shall commence only after the exchange of the expert reports referred to above and shall be concluded by December 5, 2008.

4.    **Other Items**.

    A.    The parties request a conference with the Court before the entry of the scheduling order.

    B.    The parties request a pretrial conference in December 2008.

    C.    Any application to join any person or entity as a party to this action or to amend the pleading shall be made on or before December 14, 2007.

    D.    All dispositive motions shall be filed by February 15, 2009.

    E.    Settlement is likely and may be enhanced by use of mediation.

    F.    Within 30 days after the determination of any dispositive motion or the deadline for making a dispositive motion if no such motion is made, the parties shall submit to the Court for its approval a joint pretrial order that includes the information required by Federal Rule of Civil Procedure 26(a)(3).

    G.    The case should be ready for trial by _____, and at this time it is expected to take approximately two (2) weeks.

Dated: New York, New York
September 10, 2007

| KANE KESSLER, P.C. | PROSKAUER ROSE LLP |
|---|---|
| By: *[signature]*<br>Dana M. Susman (DS-5436)<br>Jeffrey H. Daichman (JD-8802)<br>Attorneys for Plaintiff<br>1350 Avenue of the Americas<br>New York, New York 10019<br>(212) 541-6222<br>(212) 245-3009 fax | By: *[signature]*<br>Margaret A. Dale (MD-5117)<br>Louis M. Solomon (LS-7906)<br>Attorneys for Defendant<br>1585 Broadway<br>New York, New York 10036<br>(212) 969-3000<br>(212) 969-2900 fax |

**SO ORDERED:**

*[signature]*
U.S.D.J.